```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | |
|---|---|
| DAVID GUZMAN PONCIO,<br>TDCJ NO. 1133666,<br><br>        Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division,<br><br>        Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. H-06-2915<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are Petitioner David Guzman Poncio's Petition for Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) and Respondent Nathaniel Quarterman's Motion for Summary Judgment (Docket Entry No. 11).  For reasons stated below, Quarterman's Motion for Summary Judgment will be granted, and Poncio's Petition for Writ of Habeas Corpus will be dismissed.

        **I.  Background**

The facts of Poncio's crime were summarized by the First Court of Appeals as follows:

> At approximately 11 a.m. on January 9, 2002, Steven Wedemeyer returned after an hour at the gym and discovered that his home had been burglarized, and two guitars were missing.  Wedemeyer testified that, one month after the burglary, a friend called from the Rockin Robin Guitar Store to tell him that someone had brought Wedemeyer's guitars in

and sold them to the store.  Wedemeyer confirmed that the guitars in the store were the ones stolen from his home.

Houston Police Department Officer J. Gray testified that, despite multiple attempts, he was unable to retrieve any usable fingerprints from Wedemeyer's home.

William Benitez, a pawnbroker with Value Pawn, testified that, at 10:29 a.m. on the day of the burglary, [Poncio] pawned two guitars - a Taylor acoustics and a yellow Fender with a black case.  (Despite knowing [Poncio] as a customer, Benitez asked for [Poncio's] identification at the time of the transaction.)  Benitez explained that "the process of a pawn is, basically, a 60 day loan."  Interest accrues during the two months, and, if the customer does not return within two months, "it then becomes our property and we sell it."  He testified that the Value Pawn receipts indicated that, on January 18th, Jose Rodriguez, the assistant manager, "redeemed" or sold the guitars back to [Poncio].

Houston Police Officer M. Lazar testified that he decided to look in the Value Pawn during the course of his investigation of the high-crime area around the pawn shop. The Value Pawn was located less than one mile from Wedemeyer's home.  Lazar discovered that the guitars (he compared the serial numbers found on the pawn shop invoice to the numbers provided by Wedemeyer, and they were a match) were on the list of items that had recently been pawned.  Benitez told Officer Lazar that they had later released the guitars to [Poncio]. During the course of his investigation, Officer Lazar learned that Jose Rodriguez, the Value Pawn assistant manager, was the person who actually sold the guitars to the Rockin Robin Guitar Store.  (It is unclear from the record how the guitars ended up in Rodriguez's possession.  It is also unclear what the relationship was between [Poncio] and Rodriguez.)

[Poncio] was indicted with the felony offense of burglary of a habitation.  The indictment was enhanced with two prior felony convictions of robbery and burglary of a building.[1]

A jury of the 337th District Court of Harris County, Texas, in Cause No. 902710, convicted Poncio of one count of burglary of a

---

[1] Poncio v. State, No. 01-02-1174-CR 2004, WL 2749492, at *1 (Tex. App. -- Houston [1st Dist.] 2004) (unpublished), aff'd, 185 S.W.3d 904 (Tex. Cr. App. 2006).

habitation on October 16, 2002.[2] The court sentenced Poncio to 60 years in prison. The sentence was enhanced based upon Poncio's two previous felony convictions.[3] During the trial Poncio moved for a mistrial based upon testimony that he claimed violated a pretrial order barring the mention of other burglaries in which he was a suspect. Poncio also moved for a directed verdict of not guilty, arguing that no rational fact-finder could find him guilty based upon the prosecution's evidence. The trial court denied both motions.[4]

Poncio raised these issues on appeal to the Court of Appeals for the First District of Texas, which affirmed the trial court judgment in an unpublished opinion on December 2, 2004.[5] On January 6, 2005, the court of appeals denied Poncio's motion for rehearing en banc.[6] Poncio then filed a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals arguing that the evidence at trial was insufficient to support his conviction.[7]

---

[2] State v. Poncio, No. 902710 (337th Dist. Ct., Harris County, Tex., Oct. 16, 2002); attached to Poncio v. State, Case No. PD-386-05, p. 66.

[3] Id. at 71.

[4] Poncio v. State, Case No. PD-386-05, Reporter's Record, Volume 3, pp. 156, 159-160.

[5] Poncio, 2004 WL 2749492.

[6] Poncio v. State, Case No. PD-386-05, letter dated January 6, 2005, from court clerk to attorneys.

[7] Poncio v. State, Case No. PD-386-05, Petition for Discretionary Review, p. 4.

The Court of Criminal Appeals affirmed the judgment of the court of appeals on February 15, 2006.[8] Poncio has therefore exhausted his state remedies by seeking review in the highest state court by a direct appeal. Sones v. Hargett, 61 F.3d 410, 415 (5th Cir. 1995).

On September 13, 2006, Poncio filed a Petition for Writ of Habeas Corpus in this court claiming that the evidence at his trial was insufficient to sustain a conviction for burglary of a habitation.[9] Poncio concedes that the evidence presented at trial "might have sustained a charge of theft of property," but argues that the prosecution failed to prove beyond a reasonable doubt the additional element of entry necessary to support the charge of burglary.[10] Had he been convicted of mere theft, Poncio argues that he might have avoided an enhanced sentence because the offense of theft under Texas law can be either a misdemeanor or felony, depending on the value of the stolen property.[11] See Tex. Penal Code Ann. § 31.03(e) (2003). Poncio asks this court to render judgment in his favor or, alternatively, to remand his case back to the court of appeals for further proceedings.[12]

---

[8]Poncio v. State, 185 S.W.3d 904, 905 (Tex. Cr. App. 2006).

[9]Petition for Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 4.

[10]Brief in Support of 2254 Habeas Corpus Motion, Docket Entry No. 2, pp. 7-8

[11]Id. at 8.

[12]Id. at unnumbered pp. 16-17.

## II.  Standard of Review

**A.  Habeas Corpus**

This court cannot grant a writ of habeas corpus with respect to a claim that was adjudicated on the merits in state court unless the state court decision

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Federal courts review pure questions of law and mixed questions of law and fact under subsection (d)(1) and questions of fact under subsection (d)(2).  <u>Martin v. Cain</u>, 246 F.3d 471, 475 (5th Cir. 2001).  A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 120 S. Ct. 1495, 1523 (2000).  A decision is an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."  <u>Id.</u>  The court "*cannot* reverse the denial of habeas relief simply by concluding that the state court decision applied clearly

established federal law *erroneously*."  Martin, 246 F.3d at 476 (citing Williams, 120 S. Ct. at 1521) (emphasis in original). "Determination of a factual issue made by a State court shall be presumed to be correct," and the prisoner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

**B.     Summary Judgment**

Summary judgment is warranted when evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).  The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues.  Celotex Corp., 106 S. Ct. at 2553.  In response to such a showing the nonmoving party must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating the existence of genuine issues of material fact that must be resolved at trial.  Id.

While "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000), the rule applies only

to the extent that it does not conflict with the habeas rules. Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002), overruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562 (2004). Therefore, 28 U.S.C. § 2254(e)(1), which mandates that findings of fact made by a state court are "presumed to be correct," overrides the ordinary rule that in a summary judgment proceeding all disputed facts must be construed in the light most favorable to the nonmoving party. Id. Unless petitioner can rebut the presumption of correctness by clear and convincing evidence as to the state court's findings of fact, they must be accepted as correct." Id.

### III.  Analysis

**A.   Insufficiency of Evidence**

Poncio alleges that the prosecution's evidence against him was insufficient to support a charge of burglary. Specifically, Poncio claims that the prosecution failed to establish beyond a reasonable doubt the element of entry.[13] He cites the absence of eyewitness or surveillance evidence placing him in or near the home in question, of forensic evidence linking him to the home, or of incriminating statements or admissions to third parties by Poncio.[14]

When a defendant seeking federal habeas relief contends that the evidence is insufficient to support a state court conviction,

---

[13]Petition for Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 3.

[14]Id. at 4.

"the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 99 S. Ct. 2781, 2789 (1979).  "[T]he Jackson inquiry does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit."  Herrera v. Collins, 113 S. Ct. 853, 861 (1993) (emphasis in original).

In a federal habeas corpus proceeding the court "must refer to the substantive elements of the criminal offense[] as defined by state law" to assess the sufficiency of the evidence.  Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985).  Under Texas law a person commits burglary "if, without the effective consent of the owner, the person enters a building or habitation and commits or attempts to commit a felony, theft, or an assault."  Tex. Penal Code Ann. § 30.02(a)(3).  A person commits the offense of theft "if he unlawfully appropriates property with intent to deprive the owner of property."  Id. § 31.03(a).  The definition of unlawful appropriation pertinent to this case is "it is without the owner's effective consent."  Id. § 31.03(b)(1).

While Poncio is accurate in noting that the record is barren of direct evidence that he entered the victim's home, under Texas law a defendant's unexplained possession of recently stolen

property is sufficient to support his conviction for burglary. Dove v. State, 402 S.W.2d 913, 915 (Tex. Cr. App. 1966).[15]

The jury considered several pieces of circumstantial evidence that could rationally support a finding of guilt beyond a reasonable doubt. Wedemeyer testified that he left his home at about 10 a.m. and returned an hour to an hour-and-a-half later to find that his home had been burglarized and two guitars were missing.[16] A pawn slip bearing Poncio's signature indicated that he brought the guitars to a pawn shop less than a mile from the victim's home at 10:29 a.m. and exchanged them for cash.[17] Therefore, no more than half an hour passed between the burglary

---

[15]The court understands Poncio to argue that the state shifted the burden of persuasion of entry onto him (Brief in Support of 2254 Habeas Corpus Motion, Docket Entry No. 2, p. 12), thereby violating the Constitution's due process requirements. In re Winship, 90 S. Ct. 1068, 1073 (1970). This argument mischarac-terizes the process in which the jury reached its verdict. The burden of persuasion was never shifted to Poncio because the jury was not compelled by law or the trial court to presume the element of entry based on the state's establishment of other facts. Instead, "[t]he jury unanimously inferred from the facts that [Poncio] was guilty beyond a reasonable doubt." Poncio, 2004 WL 2749492, at *2. Such permissive inferences violate the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury. County Court of Ulster County, New York v. Allen, 99 S. Ct. 2213, 2224-27 (1979). For the reasons that follow in this Memorandum Opinion and Order, this court concludes that the state court decisions were not unreasonable applications of federal law.

[16]Poncio, 185 S.W.3d 904.

[17]State v. Poncio, No. 902710 (337th Dist. Ct., Harris County, Tex., Oct. 16, 2002); attached to Poncio v. State, Case No. PD-386-05, Exhibit Index, State's Exhibit 3, p. 6.

and Poncio's pawning of the guitars. The employee of the pawn shop who handled the transaction identified Poncio. In addition to recognizing Poncio as a frequent visitor to the pawn shop, the employee inspected Poncio's identification.[18] The serial numbers listed on the pawn tickets matched those provided by Wedemeyer.[19] Finally, the guitars listed on the pawn tickets were confirmed to be those stolen from Wedemeyer's house when they were recovered.[20]

The court therefore concludes that the state courts' decisions that the evidence was sufficient were reasonable applications of federal law as determined by the Supreme Court.

**B.   Certificate of Appealability**

Poncio has not yet requested a Certificate of Appealability (COA) on the claims denied in this Memorandum Opinion and Order, but the court may rule on a COA sua sponte. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). The issuance of a COA is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). A petitioner can appeal a district court's dismissal of a habeas petition only if either a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A court can issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A COA should be issued only if the petitioner

---

[18] Poncio, 2004 WL 2749492, at *1.

[19] Id. at 2.

[20] Id. at 2-3.

demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 123 S. Ct. 1029, 1032 (2003). Thus, a petitioner seeking a COA must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). This examination does not consider all the underlying and factual bases of the petitioner's claims. Miller-El, 123 S. Ct. at 1039. Instead, the court weighing a request for a COA conducts only a limited, "threshold inquiry into the underlying merit of the [petitioner's] claims." Id. at 1032. For the reasons stated in this Memorandum Opinion and Order, Poncio has not made a substantial showing of the denial of a constitutional right. The court therefore denies a Certificate of Appealability sua sponte.

## IV. Conclusion and Order

For the reasons explained above, Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**, and Poncio's Petition for Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 8th day of June, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE